# CASES DETERMINED

# January Term, 1923.

COOKSON and others, Respondents, vs. JAMES, Appellant.

*May 1—June 5, 1923.*

*Specific performance: Exchange of lands: Performance by defendant.*

1. In an action for the specific performance of a contract to exchange lands, where defendant alleged that he had fully performed and demanded that plaintiffs be required to give the deed contracted for, the court, on finding that defendant had performed, erred in giving plaintiffs the option, under a clause in the contract which permitted plaintiffs to demand a return of their property within one year, to convey the property or cancel the contract instead of dismissing their complaint and requiring them to execute and deliver a deed to defendant within a reasonable time.

2. While neither party can demand specific performance as a matter of right, where both ask for it and an alternative relief is not requested by either and the facts do not warrant such alternative relief, the court cannot grant it.

3. Performance by defendant having been made, as directed by the plaintiffs, by the conveyance of his land to one P., who was not a party to this action nor bound by the judgment, the defendant is not concerned with a controversy between P. and the plaintiffs but was entitled to a deed of plaintiffs' property.

APPEAL from a judgment of the circuit court for Grant county: S. E. SMALLEY, Circuit Judge. *Reversed.*

Action for the specific performance of a contract for the exchange of lands, in which contract plaintiffs were designated as parties of the first part and defendant as party of

the second part.   The trial court made the following findings of fact:

"(1)   That on the 2d day of December, 1919, the plaintiffs and defendant entered into and duly executed the contract in writing as set forth in plaintiffs' amended complaint.

"(2)   That on the 24th day of March, 1920, the defendant, at the request of the plaintiffs, met the plaintiffs at the Montfort State Bank, and at the request of the plaintiff *Cookson* the defendant executed a deed to one J. M. Pettera of the lands he had agreed to convey to plaintiffs by the said contract of December 2, 1919, and that on the second day thereafter the wife of the defendant executed said deed.

"(3)   That after the execution of said deed by defendant and his wife to J. M. Pettera it was left with C. K. Stephens, cashier of said Montfort State Bank, with verbal instructions from defendant to deliver the deeds to Pettera upon plaintiffs delivering to said Stephens a deed to the defendant for the real estate which under the terms of said contract of plaintiffs and defendant the plaintiffs were to convey to defendant.

"(4)   That on said March 24, 1920, the said C. K. Stephens, at the request of plaintiffs, drew the said deed from defendant to J. M. Pettera, and on the same day, at request of plaintiffs, he drew a deed from plaintiffs to defendant of the real estate which under the terms of said contract of plaintiffs and defendant the plaintiffs were to convey to defendant, and that afterwards said deed was executed by plaintiffs but has never been delivered to defendant.

"(5)   That on said March 24, 1920, the plaintiffs and defendant made and constituted said C. K. Stephens their agent to deliver the said deeds to the grantees therein named after execution, but that subsequent thereto plaintiffs notified said Stephens to not deliver their deed to defendant, and neither of said deeds has ever been delivered to the grantees and they are still held by the said C. K. Stephens as agent of the plaintiffs and defendant.

"(6)   That said contract of December 2, 1919, contained the following provision: 'And it is mutually understood and agreed that should the first party hereto within one year from the date hereof demand the return of the property hereby agreed to be conveyed, that the second party hereto

shall deed back to first parties, or pay in lieu $5,500, provided the first parties do not sell the farm within the year, and the first party [shall deed back] to the second party, thereby making this contract null and void except that each party hereto shall have one year's use of the property.'

"(7) That prior to the expiration of one year from the making of said contract this action was begun by plaintiffs against defendant.

"(8) That defendant has performed all things required of him to be done under the said contract of December 2, 1919, and that plaintiffs have failed to perform their part of said contract.

"(9) That from the date hereof until the 1st day of March, 1922, is a reasonable time to be given plaintiffs in which to direct their agent, C. K. Stephens, to deliver their deed to defendant of the real estate which under the terms of said contract the plaintiffs were to convey to defendant, and if they fail to cause delivery of said deed to be made by that date the said contract should, under the clause set forth in finding sixth herein, be by the court declared and adjudged null and void and the said deeds executed by the parties and now held by the said C. K. Stephens as their agent be declared and adjudged canceled, null and void."

As conclusions of law the court found:

"(1) That the relief demanded by plaintiffs in their complaint should be denied, with costs to defendant.

"(2) That plaintiffs, under the clause of the contract set forth in finding sixth of the foregoing findings of fact, should be given until March 1, 1922, in which to deliver or cause to be delivered to defendant their deed to defendant of the real estate which under the terms of the contract of December 2, 1919, between plaintiffs and defendant the plaintiffs were to convey to defendant, and if plaintiffs fail to cause delivery of said deed to defendant by March 1, 1922, the said contract be adjudged null and void and the parties released from the obligations thereunder, and the deeds executed by the parties pursuant to said contract and which are now held by C. K. Stephens as their agent be adjudged canceled, null, and void."

Judgment was entered accordingly, and the defendant

appealed from that part thereof which embodies the second conclusion of law wherein it is left optional with plaintiffs whether or not to convey or have the contract canceled.

For the appellant there was a brief by *McGeever & McGeever* of Dodgeville, and oral argument by *James D. McGeever* and *W. C. McGeever.*

*R. M. Orchard* of Lancaster, for the respondents.

Vinje, C. J.    Plaintiffs bring an action for the specific performance of the contract for the exchange of lands.  Defendant in his answer says he has fully performed and demands that the plaintiffs be required to perform by giving the deed contracted for.    The court finds that defendant has fully performed.    Under such a state of facts there is no room for invoking the aid of a clause in the contract permitting the plaintiffs to demand a return of their property within a year, and the court erred in giving the plaintiffs the option to convey the property or cancel the contract.

While neither party can demand specific performance as a matter of right, where both ask for it and an alternative relief is not requested by either and the facts do not warrant such alternative relief, the court cannot grant it.    The court should have dismissed plaintiffs' cause of action upon the merits and entered judgment requiring the plaintiffs to execute and deliver a deed of the property in question to the defendant within a reasonable time.

The judgment, as it stands, provides for the cancellation of the deed from defendant to Pettera in the event that plaintiffs ask for a cancellation of the contract.    But Pettera is not a party to this action and he would not be bound by the judgment.    The defendant has nothing to do with the controversy between Pettera and the plaintiffs.    He has conveyed as directed by the plaintiffs and is entitled to his deed of the property for which he bargained.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment as indicated in this opinion.